UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOKF, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2910-B |
| | § | |
| MARGARET B. LOGAN and | § | |
| KAYLA V. LOGAN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff BOKF, N.A.'s Motion for Default Judgment (Doc. 12), filed February 10, 2020. For the reasons discussed below, the Court **GRANTS** Plaintiff's motion.

### I.

### BACKGROUND[1]

This is a foreclosure action. On December 10, 2019, Plaintiff BOKF, N.A. filed a complaint against Defendants Margaret B. Logan and Kayla V. Logan, alleging that they have defaulted on a mortgage agreement held by Plaintiff. *See* Doc. 1, Compl., ¶¶ 8–16.

By way of background, in July of 2008, Decedents John D. Logan and Margaret J. Logan ("Decedents") executed a Texas Home Equity Note ("the Note") in an amount of $128,000, with an interest rate of 6.750% per annum.[2] Doc. 1, Compl., ¶ 8 (citing Doc. 1-1, Pl.'s App. (Ex. A)). The

---

[1] The Court draws the facts from Plaintiff's complaint (Doc. 1).

[2] This interest rate applies "both before and after any default . . . ." Doc. 1-1, Pl.'s App., 2 (Ex. A).

Note was payable to Plaintiff. *See id.*³ Along with the Note, Decedents executed a Texas Home Equity Security Instrument ("the Security Instrument"), which granted Plaintiff a security interest in real property known as 2106 Ed Smith Court, Grand Prairie, Texas 75050 ("the Property"), which is more particularly described as:

> LOT 4, BLOCK 6 OF GREENBRIAR ESTATES, THIRD INSTALLMENT, AN ADDITION TO THE CITY OF GRAND PRAIRIE, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORD[E]D IN VOLUME 78003, PAGE 1, MAP RECORDS OF DALLAS COUNTY, TEXAS.

*Id.* ¶ 9. Plaintiff remains the holder of the Note. *Id.* ¶ 10; *see also* Doc. 1-1, Pl.'s App., 2, 5 (Ex. A). Under the Note's terms, Decedents, as the borrowers, would default on the Note if they failed to make monthly payments. Doc. 1-1, Pl.'s App., 3 (Ex. A). And in the case of default, the terms of the Security Instrument permit Plaintiff to foreclose upon the Property by exercising a power of sale. *Id.* at 18 (Ex. B).

In January of 2017, Decedent John D. Logan passed away. Doc. 1, Compl., ¶ 13. Decedent Margaret V. Logan subsequently passed away in July of 2019. *Id.* ¶ 14. According to Plaintiff, no probate was opened for either Decedent; thus, upon each Decedent's death, the Decedent's heirs inherited the Decedent's interest in the Property. *Id.* ¶¶ 13–14.

As of June 1, 2019, however, Decedents had defaulted on their loan agreement with Plaintiff. *Id.* ¶ 16. Accordingly, on July 29, 2019, Plaintiff provided Decedents' estate with a notice of default and an opportunity to cure the default. *Id.* But the default was not thereafter cured. *Id.* ¶ 17. Subsequently, Plaintiff served Decedents' estate with a notice of acceleration on the Note. *Id.* Nonetheless, Defendants, as Decedents' heirs, have not made payments on the Note. *Id.* ¶ 15.

---

³ The Note was payable to Bank of Texas, N.A., which is a branch of Plaintiff BOKF, N.A.

Thus, Plaintiff now seeks a declaratory judgment recognizing and enforcing Plaintiff's statutory probate lien on the Property by authorizing Plaintiff to foreclose on Defendants' interest in the Property.[4] Doc. 1, Compl., ¶¶ 21, 27. In conjunction with this requested relief, Plaintiff brings a trespass-to-try-title claim, asking the Court to declare that all of Defendants' interest in the property is now vested in Plaintiff. *Id.* ¶ 30.

Plaintiff served copies of its complaint upon Defendant Kayla V. Logan on January 7, 2020, and upon Defendant Margaret B. Logan on January 17, 2020. Doc. 6, Return of Summons; Doc. 10, Return of Summons. To date, neither Defendant has answered or otherwise made an appearance in this case. On February 10, 2020, Plaintiff requested the clerk enter default (Doc. 11) and moved for default judgment (Doc. 12). Plaintiff served Defendants copies of the request and motion, and the clerk has since entered default. *See* Doc. 11, Request for Default, 3; Doc. 12, Pl.'s Mot., 5; Doc. 13, Clerk's Entry of Default. Defendants failed to respond to Plaintiff's motion, and the time to do so has passed. Accordingly, the Court now considers the motion for default judgment.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides for the entry of default judgments in federal court. According to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the Court may enter a default judgment against the defaulting

---

[4] Pursuant to this relief, Plaintiff specifically seeks a declaratory judgment that its Security Instrument secures: (1) the outstanding balance of the Note; (2) pre-judgment interest; (3) post-judgment interest from the date of judgment until paid; (4) costs of court; and (5) attorneys' fees in an amount to be determined upon subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i). Doc. 12, Pl.'s Mot., 4.

defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g., id*. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good-faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). In doing so, the Court is to assume that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, the "defendant is not held to admit facts that are not well-pleaded

or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002))). Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

Applying this three-part analysis, the Court concludes that a default judgment is procedurally warranted and supported by a sufficient factual basis in Plaintiff's complaint. Accordingly, the Court awards Plaintiff the requested declaratory relief and will consider the issue of attorneys' fees upon a subsequent motion by Plaintiff.

A.   *Whether An Entry of Default Judgment Is Procedurally Warranted*

In this case, after reviewing Plaintiff's motion in light of the *Lindsey* factors, the Court finds that default judgment is procedurally warranted. First, Defendants have not filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *see Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, Defendants' "failure to respond threatens to

bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). Third, the grounds for default have been clearly established by Defendants' failure to respond to the complaint and the entry of default by the Clerk. *Lindsey*, 161 F.3d at 893. As to the fourth and fifth *Lindsey* factors, Defendants have failed to answer or otherwise respond to Plaintiff's complaint or motion since being served with the complaint over two months ago. There is no evidence that Defendants' failure to respond is a result of a good-faith mistake, and their failure to respond "mitigat[es] the harshness of a default judgment." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013); *see also United States v. Washington*, 2017 WL 3394730, at *1–2 (N.D. Tex. Aug. 8, 2017) (entering default judgment against a defendant that failed to answer or otherwise respond to the plaintiff's complaint for two months). Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendants. *Lindsey*, 161 F.3d at 893. Thus, Plaintiff has met the procedural requirements for default judgment.

B.  *Whether There Is a Sufficient Basis for Judgment in the Pleadings*

In light of the entry of default, Defendants are deemed to have admitted the allegations set forth in Plaintiff's complaint. Nonetheless, the Court must review the pleadings to determine whether they present a sufficient basis for Plaintiff's claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206. In conducting this analysis, the Fifth Circuit has looked to Rule 8 case law for guidance:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*

(footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

Here, Plaintiff seeks a declaratory judgment to enforce its rights to the Property. Doc. 1, Compl., ¶ 18. The Court construes Plaintiff's request for a declaratory judgment as a claim under the federal Declaratory Judgment Act. *See Edionwe v. Bailey*, 860 F.3d 287, 294 n.2 (5th Cir. 2017). Below, the Court examines the sufficiency of Plaintiff's allegations to support Plaintiff's requested relief. Specifically, the Court first analyzes whether Plaintiff has sufficiently pled its right to enforce a statutory probate lien on the Property through foreclosure.[5] Thereafter, the Court turns to Plaintiff's request for attorneys' fees.

1.  Enforcement of Plaintiff's statutory probate lien through foreclosure

Plaintiff first seeks a declaratory judgment that it has a statutory probate lien on the Property and may enforce this lien through foreclosure. Doc. 1, Compl., ¶¶ 20–21.

Under Texas Estates Code §§ 101.001(b) and 101.051(b)(1), a "decedent's estate and its debts immediately pass to the decedent's heirs at law." *Ocwen Loan Servicing, LLC v. Deane*, 2017 WL 6816499, at *3 (N.D. Tex. Dec. 1, 2017). "The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of the heirs, devisees, or legatees who receive estate property." *Id.* (citation omitted).

---

[5] Plaintiff also seeks a declaration that, pursuant to its trespass-to-try title claim, Defendants are divested of all interest in the Property and Defendants' interest has vested in Plaintiff. Doc. 1, Compl., ¶ 30. Because a trespass-to-try-title action "is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession," the Court's analysis regarding Plaintiff's rights to foreclose upon the Property necessarily covers Plaintiff's superior claim to the Property. *Rocha v. Campos*, 574 S.W.2d 233, 235 (Tex. App.—Corpus Christi 1978, no writ.) (citations omitted).

Further, a mortgagee is permitted to seek foreclosure of a lien against real property when a borrower is in default on its obligations under a security instrument. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013). A security instrument is a "deed of trust, mortgage, or other contract lien on an interest in real property." Tex. Prop. Code § 51.0001(6). A mortgagee includes the "grantee, beneficiary, owner, or holder of a security instrument . . . or if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4). A mortgagee seeking to foreclose on a security instrument must provide written notice by certified mail to the debtor stating that the debtor is in default under the security instrument and allow the debtor at least twenty days to cure the default prior to initiating foreclosure proceedings. *Id.* § 51.002(d).

To foreclose through a power of sale, a lender must show that: "(1) a debt exists; (2) the debt is secured by a lien created under art. XVI, § 50(a)(6) of the Texas Constitution; (3) the defendant is in default under the note and security instrument; and (4) the defendant received notice of default and acceleration." *Wells Fargo Bank, N.A. v. Taylor*, 2017 WL 6816591, at *4 (N.D. Tex. Dec. 5, 2017) (citing, *inter alia*, Tex. Prop. Code. § 51.002).

Here, Plaintiff has demonstrated that a debt exists by providing a copy of the Note. Doc. 1-1, Pl.'s App., 2 (Ex. A). Further, Plaintiff has shown that the debt is secured by a lien on the Property under Article 16, Section 50(a)(6) of the Texas Constitution by providing a copy of the Security Instrument. *Id.* at 7 (Ex. B).

Moreover, Plaintiff has demonstrated that Defendants, as successors-in-interest, are in default on the Note and the associated Security Instrument.

Specifically, Plaintiff has shown that Decedents initially executed the Note with Plaintiff. *See*

Doc. 1, Compl., ¶ 9 (citing Doc-1, Pl.'s App., 2–5 (Ex. A)). Plaintiff has provided evidence of Decedents' default on the Note by providing a calculation of the overdue payment, which was mailed to Decedents. *Id.* at 24 (Ex. C) (Notice of Default). Further, Plaintiff has sufficiently alleged that Defendants are heirs-at-law of Decedents. *See* Doc. 1, Compl., ¶¶ 3–4; 8; 13–14. And because Decedents allegedly died intestate and with no probate administration ever opened, Defendants acquired Decedents' interest—and thus Decedents' debt—under Texas estate law. *See id.* ¶¶ 13–14; *see also* Tex. Estates Code §§ 101.001(b) and 101.051(b)(1). Accordingly, Plaintiff has demonstrated that Defendants are in default.

Finally, Plaintiff has demonstrated that Defendants, as Decedents' successors-in-interest, were sent notice of both the default and the acceleration by providing a copies of the notice of default and the notices of intent to accelerate the debt. Doc. 1-1, Pl.'s App., 24–26 (Ex. C) (Notice of Default); 28–31 (Ex. D) (Notices of Acceleration).

Thus, Plaintiff has shown that: (1) a debt exists; (2) the debt is secured by a lien; (3) Defendants are in default under the Note and Security Instrument; and (4) Defendants were sent notices of default and acceleration on the debt. So Plaintiff, as the mortgagee on the Note, is entitled to foreclose upon the Property at issue.

Further, as discussed above, Plaintiff has established that Defendants, as heirs-at-law of Decedents, received an interest in the Property upon the death of both Decedents. Moreover, Plaintiff has an unpaid claim against Decedents' estate, which may be enforced through a statutory probate lien. *See Ocwen Loan Servicing*, 2017 WL 6816499, at *3 (citation omitted).

Accordingly, the Court concludes that Plaintiff's allegations warrant a declaratory judgment that, pursuant to Plaintiff's statutory probate lien, it may foreclose upon Defendants' interest in the

Property.[6]

### 2. Attorneys' fees

Next, Plaintiff requests reasonable and necessary attorneys' fees based on Texas Civil Practice and Remedies Code Chapter 38 and the terms of the documents at issue. Doc. 12, Pl.'s Mot., 3.

A prevailing party in a civil action may recover attorneys' fees from an individual or a corporation in a claim for a written contract. Tex. Civ. Prac. & Rem. Code § 38.001(8); *see also* Fed. R. Civ. P. 54(d)(2). While § 38.001(8) uses the term "may," "the Texas Supreme Court has declared that attorneys' fees under section 38.001 are not discretionary." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 n.3 (5th Cir. 2000) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)). This is true even in the default judgment context. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990) (upholding an award of attorneys' fees granted as part of a default judgment).

The Fifth Circuit has described the basic procedure and standard for determining attorneys' fees as follows:

> The determination of a fees award is a two-step process. First the court calculates the "lodestar" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

*Smith v. Acevedo*, 478 F. App'x 116, 124 (5th Cir. 2012) (quoting *Jimenez v. Wood Cty.*, 621 F.3d 372,

---

[6] Because Plaintiff has not indicated whether there are any other living heirs of Decedents, the Court enters default judgment only as to the named Defendants' interest in the Property. This comports with the specific relief requested by Plaintiff in its motion for default judgment. *See* Doc. 12, Pl.'s Mot., 3–4.

379–80 (5th Cir. 2010)). The *Johnson* factors are: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

Plaintiff attaches no supporting affidavit to its complaint to determine the attorneys' fees, nor does Plaintiff list costs related to this lawsuit. Instead, Plaintiff indicates it will move for such amounts after entry of judgment. Doc. 12, Pl.'s Mot., 3. The Court will thus consider attorneys' fees upon such a timely and properly supported motion.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment (Doc. 12). Because Plaintiff has not indicated whether Decedents have any other living heirs, the Court enters default judgment only with respect to the named Defendants' interest in the Property. Accordingly, it is therefore:

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Texas Home Equity Note* executed on or about July 11, 2008, by Decedents John D. Logan and Margaret Janet Logan ("Decedents") originally payable to Bank of Texas, N.A. (hereinafter "Note"). It is further,

**ORDERED, ADJUDGED AND DECREED** that that certain *Texas Home Equity Security*

*Instrument* ("First Lien") dated July 11, 2008, executed by Decedents and recorded as Instrument No. 20080236397 in the real property records of Dallas County, Texas (hereafter "Security Instrument"), provides Plaintiff, as the current owner of the Note and mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 2106 Ed Smith Court, Grand Prairie, Texas 75050, and more particularly described as follows:

> LOT 4, BLOCK 6 OF GREENBRIAR ESTATES, THIRD INSTALLMENT, AN ADDITION TO THE CITY OF GRAND PRAIRIE, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF RECORDED IN VOLUME 78003, PAGE 1, MAP RECORDS OF DALLAS COUNTY, TEXAS.

(the "Property"). It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the current holder and owner of the Note and beneficiary of the Security Instrument. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note; pre-judgment interest at the Note interest rate of 6.750%; post-judgment interest at the Note interest rate of 6.750%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff or its successors or assigns may proceed with non-judicial foreclosure on Defendants Margaret B. Logan and Kayla V. Logan's interest in the Property as provided in the Security Instrument and Section 51.002 of the Texas Property Code. It is further,

**ORDERED, ADJUDGED AND DECREED** that all foreclosure notices may be mailed to Margaret B. Logan at 2106 Ed Smith Ct, Grand Prairie, Texas 75050; and Kayla V. Logan at 1092

Duchamp Road, Broussard, Louisiana 70518. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs are to be taxed against Defendants Margaret B. Logan and Kayla V. Logan, not as a personal judgment but as a further obligation on the debt.

**SO ORDERED.**

**SIGNED: March 26, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE